IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.     CRIMINAL NO. 1:18-00090

ERIC HENDRICKS

### MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636 and Local Rule of Criminal Procedure 59.4(d), this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for the duty of taking the defendant's plea and submitting to the court findings and recommendations regarding whether this court should accept the guilty plea and find the defendant guilty. (ECF No. 47.)

At the hearing on the guilty plea, the defendant voluntarily waived his right to have an Article III Judge preside over his guilty plea and executed a written Waiver of Article III Judge and Consent to Enter Guilty Plea Before United States Magistrate Judge, which waiver and consent were signed by defendant, his counsel, and counsel for the United States. (ECF No. 50.)

Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on April 21, 2022, which recommends that the court accept the defendant's plea of guilty to Count 2 of the indictment. (ECF No. 54, at 6.) More specifically, the PF&R recommends that the court conditionally

accept defendant's plea of guilty to the felony charge contained in Count 2 of the indictment, pending receipt and review of the presentence investigation report, and that the defendant be adjudged guilty of such felony charge and have sentence imposed accordingly. (Id. at 5-6.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (emphasis added)).

Neither party filed objections to the PF&R within the required time period. Accordingly, the court adopts the PF&R as follows: Defendant's plea is accepted, and the defendant stands provisionally guilty of Count 2 of the indictment, charging him with distributing a quantity of hydromorphone, in violation of 21 U.S.C. § 841(a)(1). The court defers final acceptance of the plea agreement and the adjudication of guilt pending receipt of the presentence investigation report in this case.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to Magistrate Judge Aboulhosn.

**IT IS SO ORDERED** this 13th day of May, 2022.

ENTER:

David A. Faber
Senior United States District Judge